IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARGARET C. GILPIN, )<br>  )<br>           Plaintiff, )<br>  )<br>vs. )<br>  )<br>JOHN C. POTTER, Postmaster General )<br>United States Postal Service, )<br>  )<br>           Defendant. ) | Case Number CIV-07-775-C |

## MEMORANDUM OPINION AND ORDER

Plaintiff works for the United States Postal Service as a Rural Mail Carrier and has a history of poor relations with her supervisor, Greg Shive, that apparently began in late 2000. She filed an EEO complaint alleging disability discrimination in 2001, when she was denied a transfer allegedly due to Shive's poor evaluation of her and failure to remove a discredited warning from her personnel file. Plaintiff withdrew her complaint in May 2003. In December 2004, she contends that Shive then began "a systematic campaign of harassment, intimidation, and retaliation." (Dkt. No. 10, Amend. Compl. at 3.) Specifically, Shive allegedly: ordered her to run express mail in the cold despite a medical restriction that she avoid cold; demanded notes from her doctor to support those restrictions; and sent Plaintiff home on March 3, 2005, for taking prescription pain medication at work. Plaintiff filed a second EEO complaint on April 11, 2005, claiming that being sent home was discriminatory (based on a medical disability) and retaliatory (based on her prior EEO complaint).

In this action, Plaintiff claims that she was subjected to an adverse employment action because of a protected activity, in violation of 42 U.S.C. § 2000e-3(a). (Amend. Compl. ¶ 9.)[1] The Court considers Plaintiff's claim to be one for retaliation under the Americans with Disabilities Act (the "ADA").  Defendant moves that the Amended Complaint be dismissed because: (1) Plaintiff's protected activity was too remote in time to the adverse employment action alleged to support a claim of retaliation as a matter of law; and (2) if the Amended Complaint is construed to seek redress of the alleged discrimination in 2001, the Court lacks jurisdiction over Plaintiff's claim because she failed to exhaust administrative remedies by abandoning her claim. (Dkt. No. 12, Def.'s Mot.)

To the extent that Plaintiff would complain that the actions supporting the 2001 complaint were discriminatory, the Court would, as Defendant argues, be without jurisdiction to hear such a claim.  Plaintiff's withdrawal of her complaint in 2003, while the administrative review process was on-going, constitutes a failure to exhaust. See Shikles v. Sprint/United Mgmt. Co., 426 F.3d 1304, 1309 (10th Cir. 2005); McBride v. CITGO Petroleum Corp., 281 F.3d 1099, 1107 (10th Cir. 2002).  Federal courts lack jurisdiction to entertain claims under the ADA when administrative remedies are not first

---

[1] Plaintiff's Amended Complaint was filed on November 6, 2007, after Defendant had filed a motion to dismiss but before it had filed an answer.

exhausted. See Jones v. U.P.S., 502 F.3d 1176, 1183 (10th Cir. 2007). Accordingly, dismissal of such a claim would be required.

However, the more constrained reading and likely intent of the Amended Complaint is that Plaintiff's retaliation claim is based strictly on having filed the 2001 complaint, a protected activity. 42 U.S.C. § 12203(a) forbids discrimination against individuals who oppose an act or practice made unlawful by the ADA, or who make a charge, testify, assist, or participate in an investigation, proceeding, or hearing under the ADA. To establish a prima facie case of retaliation under the ADA, a plaintiff must show (1) protected employee action; (2) adverse action by an employer either after or contemporaneous with the employee's protected action; and (3) a causal connection between the employee's action and the employer's adverse action. Morgan v. Hilti, Inc., 108 F.3d 1319, 1324 (10th Cir.1997).

Defendant contends that Plaintiff cannot state a claim for relief because the 2001 complaint was too remote in time from the 2005 conduct to support an inference of causation. "[A] causal connection may be established by proffering 'evidence of circumstances that justify an inference of retaliatory motive, such as protected conduct closely followed by adverse action.'" Stover v. Martinez, 382 F.3d 1064, 1071 (10th Cir. 2004) (citation omitted). Assuming that being sent home constitutes an adverse employment action, "[t]he date . . . is key . . . because the closer it occurred to the protected activity, the more likely it will support a showing of causation." Anderson v.

Coors Brewing Co., 181 F.3d 1171, 1179 (10th Cir. 1999). Unless the adverse employment action occurs "*very closely*" in time to the protected activity, a "plaintiff must rely on additional evidence beyond temporal proximity to establish causation." Id.

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to move for the dismissal of a claim "for failure to state a claim upon which relief can be granted." On such a motion, the Court accepts as true all well-pleaded factual allegations and views them in the light most favorable to the plaintiff. Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007). A claim will be dismissed only if it is legally untenable or if "the complaint does not contain enough facts to state a claim to relief that is plausible on its face." See id. (citations and internal quotations omitted). Under the new plausibility standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007).

Here, the protected activity, filing the May 2001 complaint, occurred more than three and a half years before Shive's alleged retaliatory campaign began and she was sent home in March 2005. And there was no retaliation at all for a year and a half after Plaintiff withdrew her complaint. Thus, the temporal disconnection between Plaintiff's complaint and the alleged retaliatory action is far too great in this case to support an

inference of causation. In the Amended Complaint, Plaintiff identifies no other facts that might support a causal connection between the two events.[2] Accordingly, Plaintiff has failed to show a reasonable likelihood of establishing causation. Her retaliation claim is, therefore, dismissed.

## CONCLUSION

Accordingly, Defendant Postmaster General's Motion to Dismiss Plaintiff's Amended Complaint (Dkt. No. 12) is GRANTED. Plaintiff's claim of retaliation is DISMISSED without prejudice. Defendant's motion to dismiss Plaintiff's original

---

[2] In her Response, Plaintiff contends that Shive lied during the investigation of the 2005 complaint by stating that he was not aware her pervious EEO activity when he had in fact given testimony as part of the 2001 complaint investigation. Plaintiff attaches evidence to her Response in support of these contentions (Exs. 2 & 7). She contends that this lie suggests causation.

On a motion to dismiss, the Court evaluates the sufficiency of the allegations in the complaint, except in narrow circumstances, without resort to evidence. See GFF Corp. v. Assoc. Wholesale Grocers, Inc., 130 F.3d 1381, 1384 (10th Cir. 1997); Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991). In this case, the Court finds it inappropriate to rely on that evidence in deciding the motion at hand. However, even if Plaintiff had alleged that Shive lied as indicated above, that allegation would not be sufficient to support a reasonable inference of causation.

complaint (Dkt. No. 9) is DENIED as moot. A judgment of dismissal will issue separately.

    IT IS SO ORDERED this 20th day of February, 2008.

*/s/ Robin J. Cauthron*
ROBIN J. CAUTHRON
United States District Judge